IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2030-BO

| | | |
|---|---|---|
| LINWOOD B. MURCHISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |

The matter comes before the court on respondent's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) (DE 13). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF CASE

On August 3, 2016, petitioner pleaded guilty, in the Johnston County Superior Court, to habitual larceny, and was sentenced to a term of 20-33 months imprisonment. (Resp't's Mem. Ex. 1). Petitioner did not file a direct appeal. On September 12, 2016, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Johnston County Superior Court. ( Id. Ex. 3). On October 27, 2016, the superior court denied petitioner's MAR. (Pet. Attach. pp. 1-2). On November 17, 2016, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals, which was denied on December 5, 2016. (Id. p. 3; Resp't's Mem. Ex. 4).

On February 14, 2017, petitioner, filed the instant petition for a writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254. Petitioner raised the following claims: (1) insufficient arrest warrant

for habitual larceny in violation of the Fourth Amendment to the United States Constitution; (2) defective indictment for felony larceny in violation of the Fifth and Fourteenth Amendments; (3) improper use of misdemeanor larceny convictions to obtain the instant felony larceny conviction in violation of the Fourteenth Amendment; and (4) ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments. Respondent subsequently filed a motion for summary judgment pursuant to Rule 56(a) arguing that petitioner's habeas petition is meritless. The motion was fully briefed.

## DISCUSSION

A. Motion for Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States," or (2) the state-court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see, e.g., Kernan v. Hinojosa, 136 S. Ct. 1603, 1604 (2016) (per curiam); Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016) (per curiam). A state-court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state-court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see White v. Woodall, 134 S. Ct. 1697, 1702–07 (2014).

Section 2254(d) "does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one." Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Section 2254(d) also does not require a federal court to "offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings." Id. Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Congress intended the standard in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to be difficult to meet. See White, 134 S. Ct. at 1702; Harrington v. Richter, 562 U.S. 86, 102 (2011). "Section 2254(d) is part of the basic structure of federal habeas jurisdiction,

designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington, 562 U.S. at 103. To prevail in an action brought under section 2254(d), a petitioner must show that "there was no reasonable basis for the state court to deny relief." Id. at 98.

2. Analysis

   a. Claims relating to Petitioner's Arrest Warrant and Indictment

Respondent argues that petitioner's first three claims relating to the sufficiency of his arrest warrant and indictment are foreclosed by petitioner's knowing and valid guilty plea. A valid guilty plea constitutes the admission of the material elements of a crime. See McCarthy v. United States, 394 U.S. 459, 466 (196). A voluntary guilty plea normally forecloses an attack based on any antecedent, non-jurisdictional errors. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Meyer v. Branker, 506 F.3d 358, 367 (4th Cir. 2007) ("[I]t is well known that a defendant's guilty plea itself serves as a 'conviction,' supplying 'both evidence and verdict.'") (citing Boykin v. Alabama, 395 U.S. 238, 242, 243 n. 4 (1969)). Therefore, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett, 411 U.S. at 267.

Here, the record reflects that petitioner swore under oath that he understood he was pleading guilty to habitual larceny, and that he was in fact guilty of the offense. (Resp't's Mem. Ex. 1). Petitioner further testified at his plea hearing that he discussed his case fully with his lawyer, that his lawyer explained the nature of the charges, each element of the offenses, as well as possible defenses. (See id. p. 1.) Petitioner's counsel also certified that he explained to petitioner the nature

and elements of the charges to which petitioner pleaded guilty. (Id. p. 4). Petitioner testified that he was satisfied with his attorney's services, and that he was entering his plea of his own free will without any undue outside influence. (Id. pp. 2, 4). He also agreed that no person made any promises or threatened him in any way to cause him to enter the plea against his wishes. (Id. p. 4). Finally, petitioner testified that he was not under the influence of alcohol, drugs, narcotics, medicines, or pills. (Id. p. 1).

After listening to petitioner's response to the guilty plea colloquy in open court and observing petitioner's demeanor, the trial court judge found as a fact that petitioner was competent to stand trial. (Id. p. 5). Absent extraordinary circumstances, these solemn in-court representations should be deemed conclusive. Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981); see also Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Little v. Allsbrook, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984). Thus, the court finds that petitioner's guilty plea was knowing and voluntary. Based upon the foregoing, petitioner's first three claims are barred by Tollett.

      b.    Ineffective Assistance of Counsel

In his final claim, petitioner alleges that he received ineffective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution. In support of his claim, petitioner asserts the following allegations: (1) counsel failed to conduct appropriate investigations both factual and legal to determine if matters of defense could be developed; (2) counsel failed to scrutinize the arrest warrant and indictment to determine if fatal defects were present and file motions to quash; and (3) counsel failed in the consideration and negotiation of the plea offer allowing the first plea offer to lapse before getting petitioner to court. Petitioner raised his ineffective assistance of counsel claim in his MAR, and the superior court denied the claim.

5

To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The court begins with petitioner's first and second ineffective assistance of counsel allegations which essentially challenge his counsel's investigation– particularly with respect to the arrest warrant and indictment. Regarding petitioner's contention that his trial counsel was ineffective because she failed to challenge the indictment, the superior court addressed this contention when ruling on petitioner's MAR, and found as follows:

> NCGS 14-72(b)(6) provides that the crime of larceny is a felony, without regard to the value of the property in question, if it is committed after the defendant has been convicted in this state or in another jurisdiction of larceny at least four times, regardless of whether the prior convictions were misdemeanors, felonies, or a combination thereof. The first count of the indictment in this case alleges that on 23 April 2016 defendant stole various items of personal property having a value of "approximately less than $1,000.00" from Walmart Stores, Inc. d/b/a Walmart #1321. The second count alleges that the defendant had previously been convicted of: (1) misdemeanor larceny on 22 March 2016 in Wake County District Court; (2) misdemeanor larceny on 26 June 2008 in Pitt County Superior Court; (3) felony larceny on 12 October 2001 in Pitt

6

County Superior Court; and (4) misdemeanor larceny on 2 September 1994 in Pitt County District Court.

> The court finds as a fact and concludes as a matter of law that this indictment on its face comports with the requirements of NCGS 14-72(b)(6) and is sufficient to allege the Class H felony of habitual larceny. Moreover, the indictment identifies the victim of the crime as Walmart Stores, Inc. In his motion, the defendant argues that the arresting officer's investigative report identified the particular Walmart store as Store #5743, not Store #1321 as stated in the indictment. However, the indictment alleges that the owner of the property was Walmart Stores, Inc. The possible misidentification of the particular outlet or branch of Walmart Stores, Inc. from which the property was stolen does not vitiate this indictment.
>
> Defendant's claim that the indictment in his case was defective is without legal merit. Accordingly, his claim that his trial counsel was ineffective for failing to challenge the sufficiency of the indictment likewise must fail.

(Pet. Attach. p. 1).

This court agrees with the superior court's conclusion that petitioner's indictment comports with the requirements of NCGS 14-72(b)(6), and is sufficient to allege the Class H felony of habitual larceny.[1] Further, petitioner's indictment provided him notice of the charges to enable him to prepare a defense, which is all that is constitutionally required. See Cole v. Arkansas, 333 U.S. 196, 201 (1948); In re Oliver, 333 U.S. 257, 273 (1948); United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998). Petitioner, additionally, has not presented evidence to establish that his attorney acted unreasonably in the course of her investigation of any portion of petitioner's criminal action, and admits that his attorney provided him with discovery material prior to his guilty plea. (Pet.'r's Mem. in Supp. of Resp. p. 12). Petitioner, additionally, admitted in the course of his guilty plea

---

[1] The court notes that petitioner has not produced any evidence to establish that any of his underlying larceny convictions have been invalidated.

hearing that his counsel discussed the possible defenses with him and that he was satisfied with his counsel's services. (See Resp't's Mem. Ex. 1, p. 1). Petitioner has presented no evidence to contradict this, but, instead, offers only mere speculation and conclusory allegations, which are insufficient to establish ineffective assistance of counsel. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Based upon the foregoing, petitioner failed to show that his counsel acted unreasonably in conducting her investigation of petitioner's criminal action.

As for the second prong of the Strickland test, petitioner has not presented any evidence to establish that but for counsel's alleged errors in conducting an investigation, he would not have pleaded guilty and would have insisted on going to trial. As stated, the record reflects that petitioner admitted that he is guilty of the instant offense. (Resp't's Mem. Ex. 1, p. 2). In exchange for petitioner's guilty plea in the instant action, the State agreed not to pursue habitual felon charges against petitioner. (Id.; Pet. Ex. F). Petitioner has not presented evidence to suggest that he would have rejected his plea agreement and insisted on going to trial under these circumstances. Because petitioner is unable to establish either prong of the ineffective assistance of counsel test, petitioner failed to establish a constitutional claim for his first and second ineffective assistance of counsel allegations.

Finally, the court addresses petitioner's third ineffective assistance of counsel allegation–that his counsel was ineffective because she allowed an earlier, more favorable, plea offer of 12-24 months imprisonment to lapse before "getting him into court." (Pet. p. 10). In Lafler v. Cooper, 566 U.S. 156 (2012), United States the Supreme Court held that "[i]f a plea bargain has been offered, a

defendant has the right to effective assistance of counsel in considering whether to accept it." Id. at 167. However, in order to succeed on this claim, petitioner

> must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler, 566 U.S. at 165; see Missouri v. Frye, 566 U.S. 146, 150 (2012); cf. Merzbacher v. Shearin, 706 F.3d 356, 366 (4th Cir. 2013) (finding that only if Merzbacher's testimony that he would have accepted the plea was deemed credible could Frye and Lafler assist him.).

Here, the record reflects that petitioner's counsel fully informed petitioner of the State's first plea offer on June 24, 2016–well before petitioner's August 3, 2016, guilty plea proceeding. (Id. Ex. F). Petitioner's counsel, additionally, informed petitioner that if he rejected the plea offer, the State would prosecute him as a habitual felon with a sentence exposure of up to 88 months imprisonment. (Id.) Even after receiving such information, petitioner admits that he knowingly rejected the first plea offer. (Pet'r's Resp. p. 12). Petitioner has not provided any evidence to show that his counsel provided deficient advice which lead to the rejection of the first plea offer, or that his counsel otherwise acted unreasonably. See Lafler, 566 U.S. at 162, 163; see also, Cromartie v. Director, Dept. of Corr., No. 7:14CV00215, 2015 WL 1505773, at * 9 (W.D. Va. Mar. 31, 2015) ("[A] defendant may prove ineffective assistance if he shows that counsel's deficient advice led to the rejection of a plea offer, resulting in a more severe sentence under a later plea offer or after conviction at trial.") (citation omitted). Rather, the record reflects that petitioner's counsel

effectively communicated the plea offer to petitioner, and petitioner chose not to accept the offer. Based upon the foregoing, petitioner failed to establish that his counsel acted unreasonably.

As to prejudice, petitioner has not shown that but for his counsel's alleged deficient performance, there is a reasonable probability that he would have accepted the first plea offer. Rather, as stated, the record reflects that petitioner rejected the first plea offer after being fully informed of the terms by his counsel. Thus, petitioner is unable to establish the first or second prong of the Strickland test for his third ineffective assistance of counsel allegation. Based upon the foregoing, the MAR court's denial of petitioner's ineffective assistance of counsel claim was neither contrary to, nor an unreasonable application of Strickland, and respondent's motion for summary judgment is GRANTED.

B. Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Buck v. Davis, 137 S. Ct. 759, 777 (2017) (citation omitted); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, the court GRANTS respondent's motion for summary judgment (DE 13). The certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 25 day of January, 2018.

TERRENCE W. BOYLE
United States District Judge